UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES WATSON

     Plaintiff,

vs.

BRICKELL BAYVIEW OWNER, LP;
and ZRS MANAGEMENT, LLC,

     Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff James Watson ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendants BRICKELL BAYVIEW OWNER, LP and ZRS MANAGMENT, LLC, for injunctive relief and damages pursuant to 42 U.S.C. § 3604 (c) of the Fair Housing Act, as amended ("FHAA") and Florida Statutes § 760.20-760.37, the Florida Fair Housing Act and alleges:

## JURISDICTION

1.     This is an action for damages, declaratory and injunctive relief pursuant to the Fair Housing Act and the Florida Fair Housing Act.  This Court is vested with original jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. §1367.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.      Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.      Plaintiff James Watson is a resident of the State of Florida and resides in Miami-Dade County. Plaintiff has a disability (handicapped per the FHAA) within the meaning of 42 USC §3602 (h)(1) having blindness, a vision disability.  Plaintiff is substantially limited in the major life activity of seeing.

5.      Plaintiff is a tester under the FHAA and state law.  He performs testing to ensure that persons involved in the renting, leasing or selling dwelling units do so in such a manner as to not discriminate or indicate a preference regarding the race, religion, national origin, sex, disability, marital or familial status, or such other protected classes, of persons seeking housing, as may be conferred by federal, state or local laws.

6.      Plaintiff is also an "aggrieved person" under the law who has been injured by Defendants' discriminatory housing practice.  Plaintiff will continue to suffer injuries because of Defendants' continuous discriminatory housing practices for which there is no adequate remedy at law.

7.      Defendants are "persons" under 42 U.S.C. § 3602(d) and companies organized to operate a residential community located in Miami, Florida.  Defendants lease or caused to be leased a "dwelling" as defined 42 U.S.C. § 3602(b)  of the Fair Housing Act and the Florida Fair Housing Act.

## FACTS

8.      Defendants lease dwelling units in Miami-Dade County at 6600 NW 7th Ave., Miami, Florida bringing them under the ambit of the Fair Housing Act and the Florida Fair Housing Act.

9.      To advertise its dwelling units, Defendants use a website at www.solitairbrickellmiamifl.com.  Defendants also accept applications for housing through the website.  The website is not properly programmed to work with JAWS, the most widely used screen reader software for persons with vision disabilities.

10.     On July 1, 2021, Plaintiff visited Defendants' website to test for discriminatory and unlawful preferences on the basis handicap in Defendant's digital advertising in violation of 42 U.S.C. § 3604 (c).  Defendants made, published or caused to be made, printed or published a notice, statement or advertisement with respect to the sale or rental of a dwelling.  Plaintiff observed that the inaccessibility of Defendants'  website indicated a preference, limitation, or discrimination based upon handicap (vision disability) or indicated an intention to make any such preference, limitation or discrimination against persons with vision disabilities.  The notice, statement, or advertisement with respect to the sale or rental of a dwelling which evidenced discrimination or which indicated an intention to make such any an intent to discriminate were as follows:

      a.  Video with audio does not have a second alternative:  The apartment tour video is 5 minutes and 17 seconds in length.  Each room included an onscreen text description that is not announced.  Narration is not available, audio description is not present, nor is full text description.

b.   Website uses presentation that relies solely on color:  After selecting a room type for rent the rent calculator, users have no way to confirm if the room type was successfully selected.  The selected room type changes color onscreen, but that is not announced.

c.   Website must be accessible by keyboard only.   The calendar picker is not accessible by the keyboard.  Users cannot pick access a date using the arrow or tab key navigation, but it works with a mouse.  This failure means that screen reader users cannot use the online application process and sighted users can.

d.   Website does not have a "skip content" link:  There is no "skip to content" link available on the website.

e.   The website does not provide focus in a logical order that preserves meaning and operability:  After pressing the "Amenities" link on the side menu section, the page automatically scrolls to bring the Amenities section into view, but focus does not move to this section.  Instead, focus moves to the top of the page. Sighted users can see the newly displayed content immediately, but screen reader users must navigate the page again and press the tab key more than 35 times. Users should be immediately taken to the new section when it is displayed or users may think that the button is not operable.

f.   Elements are labeled and give instructions:  The previous and next arrows or the Gallery page are not labeled correctly and are only announced as "button".

g.   The website does not suggest fixes when users make errors:  Error suggestions are not announced when they are displayed and focus does not move to them.

     h.   Headings and labels are clear:  The Phone Number field is not labeled.  With the accessibility widget activated, the field is announced only as "edit, blank".

11.    Plaintiff has suffered, and continues to suffer frustration and humiliation as the result of the discriminatory conditions present on Defendants' website which indicate a preference Based on disability.  By continuing to operate its website with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the benefits of freely choosing housing and a housing provider  under the Fair House Act and the Florida Fair Housing Act and provided to sighted persons.  By encountering the discriminatory conditions at Defendants' website, and knowing it would be a futile gesture to attempt to utilize the website unless he is willing to endure additional discrimination, Plaintiff is deterred and discouraged from visiting Defendants' website.

12.    Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to the Fair Housing Act and the Florida Fair Housing Act.

## COUNT I—VIOLATION OF THE FAIR HOUSING ACT AND THE FLORIDA FAIR HOUSING ACT

13.    Plaintiff repeats and incorporates paragraphs 1-12 by reference.

14.    In September 1988, Congress amended the FHA to prohibit discrimination on the additional grounds of physical and mental handicap as well as familial status.

15.    Section 804 (c) of the FHA makes it unlawful:

> **To make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement,** with respect to the sale or rental of a dwelling **that indicates any preference,** limitation, or discrimination **based on**

race, color, religion, **handicap**, familiar status, or national origin, **or an intention to make any such preference, limitation, or discrimination.** (emphasis added)

16.     Following the amendment of the Fair Housing Act in 1988, or the enactment of State and Local laws prohibiting discrimination against people with disabilities, Defendants failed to make its website accessible to people with vision disabilities.   Although inaccessible to people with vision disabilities, Defendants' website is fully accessible to the sighted, thereby indicating a preference against people with vision disabilities.

17.     According to guidance from the U.S. Department of Housing and Urban Development, issued in September 2006, the prohibition against indicating a preference applies equally to websites and social media as it does to magazine and newspaper advertising.[1]   The days of buying newspaper advertisements to run on the weekends have passed.  Residential real estate marketing has gone digital and is done through multiple channels including video, social media, websites and email.[2]  These digital media platforms allow persons involved in residential real estate marketing to reach millions of potential buyers all over the world, not just in South Florida.

18.     The website  indicated an unlawful preference for the sighted because people with vision disabilities cannot use the website to learn about Defendants' dwellings or make an application to be a resident.

19.     Defendants' digital advertisement constitutes a pattern, practice and policy of housing discrimination of the basis of disability. In engaging in such activities, Defendants have acted intentionally and recklessly violated Plaintiff's civil rights and damaged the rights and feelings of Plaintiff.

---

[1] https://www.lhop.org/wp-content/uploads/2020/11/2006-Internet-Advertising.pdf
[2] https://gowercrowd.com/real-estate-syndication/marketing-strategy-for-real-estate-developers

20.     Because Defendants continues to engage in the unlawful acts and pattern and practice of discrimination described herein, Plaintiff has no adequate remedy at law.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' acts and patterns or practices of discrimination based on handicap unless this court provides further relief.

21.     By publishing its discriminatory indication of an unlawful preference based on disability, Defendants have violated the Fair Housing Act "by making, printing, publishing or causing to be made, printed or published statements and advertisements, with respect to the rental or sale of a dwelling that indicated a preference, limitation, or discrimination based on handicap."

22.     By publishing its discriminatory indication of an unlawful preference based on disability, Defendants have violated  the Florida Fair Housing Act (Fla. Stat. §§ 760.23(3)) by making, printing, publishing, or causing to be made, printed, published, a notice, statement, or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based upon handicap or an intention to make any such preference, limitation or discrimination.

23.     As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, James Watson, demands judgement against the Defendants to enjoin Defendants from discriminating against Plaintiff and other people with disabilities on the basis of handicap in the future as follows:

a.     That the Court declare that the actions of the Defendants violated the Fair Housing Act Amendments by discriminating against people with disabilities.

b.     That the Court enjoin Defendants from discriminating against Plaintiff or any other person on the basis of handicap.

c.      That the Court award appropriate compensatory and punitive damages to Plaintiff.

d.      That the Court declare that the Defendants' actions were willful, wanton and in reckless disregard of Plaintiff's civil rights under law.

e.      That the Court order Defendants to remediate the subject website so that it is fully and equally accessible to persons with vision disabilities.

f.      Find that Plaintiff is entitled to an award of attorney's fees, costs and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter.

g.      And, grant any other relief as this Court deems just and equitable.

WHEREFORE, Plaintiff, James Watson, demands judgement against the Defendants  and to enjoin Defendants from continuing to violate the Fair Housing Act and the Florida Fair Housing Act, and prevent discrimination to other persons based upon disability and award appropriate injunctive relief, compensatory, punitive damages and attorney fees and costs.

## JURY DEMAND

PLAINTIFF hereby demands a trial by jury in this action for all issues and claims for which a trial by jury is permitted.

Dated this 24th day of August 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*